Dowling v. Todd.

DOWLING & WIFE, Respondents, v. TODD, Appellant.*

1. No action at law can be maintained by a parent for the possession of his child; if the child be unlawfully restrained of his liberty a writ of *habeas corpus* should be resorted to.

*Appeal from Weston Court of Common Pleas.*

This action was commenced January 26, 1853, in the Platte circuit court. It was removed by change of venue to Weston court of common pleas. The plaintiffs, Timothy

* NAPTON, Judge, having been of counsel, did not sit at the hearing of this cause.—[REP.

Dowling and Martha Dowling his wife, allege in their petition that in August, 1852, the defendant, William Todd, stimulated by fanaticism, seduced from the possession and control of plaintiffs a child, a son aged thirteen years, in May, 1852, named John Saunders, the child of said Martha Dowling by her former husband; that plaintiffs have ever since tried to get possession of said child, but have been prevented by the machinations of defendant; that defendant, in December, 1852, without the consent or knowledge of plaintiffs, "procured the judge of the probate court of this [Platte] county to violate the law by making an order appointing defendant guardian of said child;" that the services of said child have been worth since he has been under defendant's control, seven dollars per month. "Plaintiffs therefore ask the court to vacate, annul, and forever set aside said order of the judge of said probate court; and they further ask judgment that the defendant return said child to plaintiffs; and also judgment for the worth of the services of said child from the first day of August last," &c.

The court made the following finding of the facts: "That the plaintiff Martha Dowling is the mother of the said John Saunders mentioned in the petition—his father being dead; that there was no legal adjudication as to her competency or fitness for the duties of guardian of the said John Saunders; that said Martha Dowling had no notice of the appointment of the said defendant as guardian of the said John Saunders by the probate court; and the court also finds from the evidence that said Martha Dowling is competent and fit for the duties of guardian of the said John Saunders; and that his age is under twenty-one years. Upon which facts so found as aforesaid the court declares the law to be, that the mother, after the death of the father, is entitled to the custody and control of her child until it is twenty-one years of age; and that the appointment of said defendant as guardian of said John Saunders, without notice to his mother, and without inquiring as to her competency or fitness, is null and void. It is therefore ordered and adjudged by the court, that said

Dowling v. Todd.

order in said petition mentioned appointing said defendant guardian of said John Saunders be set aside as null and void; and that said defendant permit said mother to take and exercise control over said John Saunders.''

——— ———, for appellant. It was contended in a written brief filed at a former term by Judge Napton (now judge of supreme court) that the circuit court had no power or jurisdiction, in a collateral proceeding, to annul or vacate an adjudication in the probate court; that the appointment of defendant as guardian was valid until set aside by some proceeding recognized by the law; that the superintending control of the circuit court can not be assumed in a mere collateral proceeding. The finding of the court was simply that the mother was competent and fit, although, for aught that appears, her husband may have been the most unsuitable person in the world. The finding of the court is not a finding of facts and of material facts, but an abstract declaration of law that the mother was natural guardian when the father was dead; and this is not the law, when the second marriage has taken place, so far as property of the child is concerned. The remainder of the finding is that the adjudication of the probate court was not valid. This was a question of law. Even on the question of notice there is no finding that the plaintiff Dowling, the husband, did not have notice, but only that his wife had not. The court seems to have thought that the first section of our act concerning guardians made it the imperative duty of the court, under all circumstances, to suffer the natural guardianship of the mother to continue till twenty-one, although she may have married a man totally unfit for such duties. The court undertakes to decide that the probate court had never considered the fitness of Mrs. Dowling to continue in the guardianship of her son, because that court found Mr. D. unfit and not her in so many words. I hold that this question was necessarily passed upon by the probate court when they permitted the minor, who was over fifteen, to select his grandfather for his guardian.

SCOTT, Judge, delivered the opinion of the court.

There is nothing in the finding of the court which warrants the judgment which was rendered in the cause. This is a very irregular proceeding, and the court wholly mistook its powers and duties in the trial of the action. The only matter which gave any ground for a suit against the defendant in the petition mentioned was the depriving the parents of the services of their child. Yet, in relation to this subject, there is no fact whatever stated in the finding; and thus all foundation for a judgment against the defendant is taken away.

The mother should not have been deprived of the guardianship of her child without notice of the proceedings against her. But if this want of notice rendered the order of the court void, no original suit could be brought to set it aside. It might have been appealed from; or if, as the court declared, the order was void, then all courts would have so regarded it in any proceeding in which it might have been introduced; and the party in that manner would have obtained every purpose which was contemplated by this singular suit.

No action could be brought for the child. A parent has no property in the person of his child. If he is deprived of his services by another he may sue and recover the value of his services. If the child is taken and held by another unlawfully or illegally restrained of his liberty, a writ of *habeas corpus* will restore him to his liberty. Courts of equity sometimes on the filing of a bill will interpose and dispose of the guardianship of a ward of the court. Judge Richardson concurring, the judgment will be reversed; Judge Napton not sitting.